IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.  1:12CR336 |
| | ) | |
| v. | ) | Sentencing Date: October 19, 2012 |
| | ) | |
| MARK KAMIL MRAD, | ) | The Honorable James C. Cacheris |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, Ronald L. Walutes, Jr., Assistant United States Attorney, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A (Nov. 2011), files this Position of the United States with Respect to Sentencing in the instant case.  The United States asks the Court to impose a guideline sentence within the properly calculated Sentencing Guidelines range**.**  Such a sentence appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

**BACKGROUND**

1.  The defendant, Mark Kamil Mrad, assisted a confidential informant working with the Federal Bureau of Investigation (FBI) to move what he understood to be the proceeds of unlawful activity belonging to either Hamas or Hizballah out of the United States and back to Lebanon.[1]  Mrad's actions occurred over a period of twenty-four months, spanning from May 30,

---

[1] There was confusion, reflected in the transcribed recordings, as to the source of the funds.  The confidential source, unknown to law enforcement, was not consistently representing the funds to be from Hizballah.  Because the conversations occurred in Arabic, there was a delay in their transcription.  The defendant did, at the time of delivering the vehicle to the tow company, state that he understood the funds to have been from Hizballah and not Hamas.

2008, to May 20, 2010.  He assisted in moving what he believed to be $100,000, hidden inside a car at his residence.  Mrad utilized his shipping connections to ship the car with what he believed to be $100,000 out of the United States and into Lebanon.

      2.   The defendant plead guilty preindictment and has clearly accepted responsibility for this offense.  The government accordingly believes Mrad has timely notified the government of his intent to enter a guilty plea and does qualify for an additional one level reduction pursuant to U.S.S.G. Section 3E1.1(b) and asks this Court to apply the third point for acceptance of responsibility.  The defendant's acceptance of his criminal responsibility is unequivocal.

      3.   The maximum penalty for this offense is a term of imprisonment of twenty years, a fine of $500,000, a $100 special assessments, and three years of supervised release.  The government has no objection to the well prepared Presentence Report in this case.  The defendant is in Criminal History Category I with a sentencing range of 18 - 24 months.  The parties have agreed to a fine of $15,000 and to a forfeiture of $5,000 pursuant to the written plea agreement in this case.

## ARGUMENT

**I.     Applicable Sentencing Law**

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory, although sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005).  "The Guidelines require the district judge to give due consideration to the relevant sentencing range . . . ." *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion).  In "the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough

approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350, 127 S. Ct. 2456, 2465 (2007)). Accordingly, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The "Guidelines should be the starting point and the initial benchmark," keeping in mind that a sentencing court "may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'" *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011). Although "the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). A sentencing court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a) states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to

criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The court should also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

## II.    Cooperation

The defendant entered into a cooperation agreement with the government. He was willing to, and has met with law enforcement. These meetings have not proved fruitful.

## III.   A Guideline Sentence is Consistent with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b) with this Defendant.

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Nature and Circumstances of the Offense*: Applying these sentencing factors to the facts of this case demonstrates that a guideline sentence is reasonable balancing the need to promote respect for the law and punish those willing to work with prohibited organizations against the rapid willingness to admit guilt and clear saving of government and judicial resources.

*History and Characteristics of Defendant*: The defendant is today 65 years old. He was 61 years old when first approached by the cooperator in this case. Mrad has no significant prior record and is himself uncertain why he knowingly worked with the cooperator in this case. The tapes reflect some familiarity with smuggling between Lebanon and the United States. Mrad had

a dealership license at the time of this offense and was willing to work with a criminal organization. That decision brings him before the Court on the instant offense.

## **CONCLUSION**

Therefore, for the above-stated reasons, the United States submits that a guideline sentence is appropriate and necessary to promote respect for the law and accounts for each of the factors set forth in 18 U.S.C. § 3553(a). A guideline sentence, the government respectfully submits, is a reasonable period of incarceration for this offense.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney


        _____/s/_____
        Ronald L. Walutes, Jr.
        Assistant United States Attorney
        Attorney for the United States of America
        United States Attorney's Office
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: 703-299-3910
        Fax: 703-739-9556
        Email Address: ron.walutes@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Stuart Alexander Sears, Esquire
Attorney for Mark Kamil Mrad

I further certify that I have sent the foregoing by email to the United States Probation Office.

/s/

Ronald L. Walutes, Jr.
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3910
Fax: 703-739-9556
Email Address: ron.walutes@usdoj.gov,